# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JESSICA BARTLETT, )<br>)<br>)<br>Defendant. ) | Docket no. 2:12-cr-28-GZS |

## ORDER ON MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

Before the Court is the Defendant's Motion for Relief from Prejudicial Joinder of Offenses (ECF No. 97). For reasons briefly explained herein, the Court DENIES the Motion.

The pending Second Superseding Indictment (ECF No. 87) charges Defendant Jessica Bartlett with fifteen counts. Defendant asks that this Court sever any trial on Counts Twelve through Fifteen, each of which charge a separate false statement made in violation of 18 U.S.C. § 1001(a), from a trial on Counts One through Eleven, which charge various acts of social security fraud in violation of 42 U.S.C. § 408(a)(7)(B) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). As charged in the Second Superseding Indictment, the conduct charged in Counts One through Eleven is alleged to have occurred between August 2010 and August 2011. The false statement conduct charged in Counts Twelve through Fifteen is alleged to have occurred between October 2008 and January 2011.

Federal Rule of Criminal Procedure 14 authorizes the Court to sever the counts of a single indictment "[i]f the joinder of offenses . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The First Circuit has recognized three types of prejudice that may arise from joinder of offenses at trial:

> (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict

him of a second offense, even though such proof would be inadmissable in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008) (*quoting* United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997)). With respect to Defendant's arguments that joinder of the false statement counts would provide prejudicial spillover or confound her in defending the charges of social security fraud and aggravated identity theft, the Court concludes this argument is without merit. As the Government argues in response to Defendant's Motion, even if the severance requested by Defendant were granted, the evidence of false statements could be admitted at a trial on Counts One through Eleven as proof of intent or motive and vice versa.[1] See Richardson, 515 F.3d at 82 (collecting cases affirming the denial of severance when "substantially the same evidence would have been admitted in separate trials").

Defendant makes only a passing reference to the third type of recognized prejudice under Rule 14; namely, that a joint trial on the fifteen charges would unfairly impact her decision to testify on her own behalf. Defendant's Motion states, in relevant part:

> Defendant may wish to testify in her own behalf on the charges of Social Security Fraud and Aggravated Identity Theft but wish not to testify on the charges of False Statement, or vice versa. The joinder forces her to choose an unwanted alternative of testifying as to both or testifying as to neither.

(Def. Mot. at 4.) Quite simply, this general assertion does not satisfy Defendant's burden of producing a "particularized offer of proof" in order to allow the Court to consider whether severance is required in order to ensure Defendant a fair trial. United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004) ("A defendant seeking a severance for the purpose of testifying on one of several counts must make a threshold showing that he has salient testimony to give anent one

---

[1] The Court recognizes that Defendant would present objections to such evidence. (See Def. Mot. at 3.) However, on the record currently before the Court, the Court concludes that such objections would be overruled and the evidence would be admitted for one or more of the limited purposes listed in F.R.E. 404(b).

count and an articulable need to refrain from giving testimony on the other(s). Carrying the first part of this burden typically requires that the defendant furnish the trial court with a particularized offer of proof limning the testimony that he proposes to give and indicating how it would further his defense.") (internal citations omitted).

Thus, the Court finds "no prejudice beyond the type of 'standard fare [that exists] whenever counts involving discrete incidents are linked in a single indictment. . . . [S]uch a garden variety side effect, without more, is insufficient to require severance.'" United States v. Boulanger, 444 F.3d 76, 88 (1st Cir. 2006) (quoting United States v. Taylor, 54 F.3d 967, 974 (1st Cir. 1995)). Rather, the Court believes that any prejudice to Bartlett that might occur from a single trial on all fifteen counts is readily addressed via the Court's instructions to the jury. Therefore, the Court DENIES Defendant's Motion for Relief from Prejudicial Joinder (ECF No. 97).

SO ORDERED.

    /s/ George Z. Singal            
 United States District Judge

Dated this 22nd day of March, 2013.